1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF WASHINGTON**

7

Case No. 14-CV-03073 (VEB)

8

9
CAROLYN COLEMAN-
WILLIAMSON,

DECISION AND ORDER

10
                    Plaintiff,

11
vs.

12
CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

13

                    Defendant.

14

15

**I. INTRODUCTION**

16

In   August   of   2010,   Plaintiff   Carolyn   Coleman-Williamson   applied   for

17

Disability   Insurance   Benefits   ("DIB")   under   the   Social   Security   Act.   The

18

Commissioner of Social Security denied the application.

19

20

1

1    Plaintiff, represented by D. James Tree, Esq., commenced this action seeking

2    judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§

3    405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States

4    Magistrate Judge. (Docket No. 4).

5    On January 30, 2015, the Honorable Rosanna Malouf Peterson, Chief United

6    States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. §

7    636(b)(1)(A) and (B). (Docket No. 21).

8

9                              **II. BACKGROUND**

10    The procedural history may be summarized as follows:

11    Plaintiff applied for DIB on August 2, 2010. (T at 145-53).[1]  The application

12    was denied initially and on reconsideration and Plaintiff requested a hearing before

13    an Administrative Law Judge ("ALJ").  On July 20, 2012, a hearing was held before

14    ALJ Timothy Mangrum. (T at 35).  Plaintiff appeared with her attorney and testified.

15    (T at 43-53).  The ALJ also received testimony from Trevor Duncan, a vocational

16    expert (T at 53-58).

17    On December 27, 2012, the ALJ issued a written decision denying the

18    application for benefits and finding that Plaintiff was not entitled to DIB.  (T at 15-

19    [1] Citations to ("T") refer to the administrative record at Docket No. 15.

20    2

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

34).   The ALJ's decision became the Commissioner's final decision on April 9, 2014, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-4).

On May 30, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 9). The Commissioner interposed an Answer on September 8, 2014. (Docket No. 14).

Plaintiff filed a motion for summary judgment on December 29, 2014. (Docket No. 19).  The Commissioner moved for summary judgment on February 9, 2015. (Docket No. 22).  Plaintiff filed a reply brief on February 23, 2015. (Docket No. 23).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

**C.    Commissioner's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 30, 2014. (T at 20). The ALJ determined that Plaintiff engaged in substantial gainful activity ("SGA") from January 2011 to December 2011 (during the period of alleged disability).  (T at 20). However, the ALJ concluded that there was a continuous 12-month period during which Plaintiff did not engage in SGA and, as such, he continued the sequential evaluation. (T at 20).

The ALJ found that Plaintiff's shoulder impingement/bursitis, bicipital tenosynovitis (right shoulder), adhesive capsulitis, rotator cuff syndrome, trigger finger, carpal tunnel, hand pain, and ulnar neuritis were "severe" impairments under the Act. (Tr. 20-21).  However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), meaning that she could lift 20 pounds occasionally and 10 pounds frequently and stand/walk and sit for 6 hours in an 8-hour workday, with some additional limitations.  (T at 21-29). In particular, the ALJ found that Plaintiff could occasionally perform pushing and

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

pulling with her upper extremities, but never climb ladders, ropes, or scaffolds. (T at 21).    Per the ALJ, Plaintiff can perform frequent (but not constant) reaching bilaterally, including frequent overhead reaching bilaterally, and can perform frequent handling and fingering. (T at 21).

The ALJ concluded that Plaintiff could perform her past relevant work as a cashier-checker. (T at 29-30).    As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between April 27, 2009 (the alleged onset date) and December 27, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 30).    As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-4).

D.    **Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers four (4) principal arguments in support of this position.    First, Plaintiff contends that the ALJ improperly rejected the opinions of treating and examining medical providers.    Second, Plaintiff challenges the ALJ's credibility analysis. Third, Plaintiff argues that the ALJ's residual functional capacity determination was flawed.    Fourth, Plaintiff challenges the ALJ's step five analysis.  This Court will examine each argument in turn.

9

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

# IV. ANALYSIS

## A.    Treating & Examining Providers

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

With that said, while the ALJ is charged with interpreting the evidence and resolving competing conclusions, "an ALJ may not act as his own medical expert,

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

1  substituting his opinion for a professional interpretation of the clinical testing."

2  *Schols v. Astrue*, No. CV-10-253, 2012 U.S. Dist. LEXIS 28803, at * 13-15 (E.D.

3  Wash. Mar. 5, 2012)(citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.

4  1975))*; see also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996) (noting that the

5  ALJ "must not succumb to the temptation to play doctor and make [his] own

6  independent medical findings").

7        In this case, Plaintiff points to several opinions provided by treating or

8  examining providers as supporting her allegation of disabling upper extremity

9  limitations.  In August of 2011, Dr. Owen Higgs, a treating physician, opined that

10  Plaintiff could return to light duty work, but could not perform any lifting, pushing,

11  or pulling over 5 pounds. (T at 679).

12        In August of 2011, Anne Tweedy, a treating nurse practitioner, completed an

13  assessment in which she diagnosed Plaintiff with chronic bilateral shoulder, elbow,

14  forearm, and hand pain, along with a history of carpal tunnel.  (T at 444).  She

15  opined that work on a regular and continuous basis would cause Plaintiff's condition

16  to deteriorate and described Plaintiff's prognosis as "poor." (T at 445).  Ms. Tweedy

17  reported that Plaintiff would likely miss 4 or more days of work per month. (T at

18  445).  She opined that Plaintiff was unable to lift at least 2 pounds. (T at 445).

19

20

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

1    In September of 2011, Lynn Briggs, a treating physician's assistant, opined

2    that Plaintiff could return to modified duty work, with very limited use of her right

3    arm and no reaching, overhead work, or lifting over 2 pounds. (T at 510, 527).

4    In December of 2011 Dr. Thomas McClure, a treating physician, opined that

5    Plaintiff was medically restricted from work. (T at 560, 566). He described Plaintiff

6    as "temporarily totally disabled." (T at 568). Dr. McClure noted that Plaintiff had

7    exhausted her modified duty work and had not been "doing well" in any event. (T at

8    568). In January of 2012, Dr. McClure reported that Plaintiff could not resume her

9    regular work duties, but said he expected her to resume working after anticipated

10   shoulder surgery. (T at 616). In April and May of 2012, Dr. McClure reported that

11   Plaintiff could perform modified duty work, with lifting up to 10 pounds, no lifting

12   or reaching above shoulder height, and no repetitive use activities. (T at 595-98,

13   607-09).

14   The ALJ afforded significant weight to Dr. Higgs's conclusion that Plaintiff

15   could perform work, finding it consistent with the opinions of several examining

16   physicians (discussed further below), as well as Plaintiff's actual return to work.[2] (T

17   at 26). However, the ALJ discounted Dr. Higgs's assessment of a 5-pound weight

18   [2] Plaintiff worked intermittently (and occasionally for extended periods) after the alleged onset
     date. Throughout much of 2011, Plaintiff worked at Safeway in a light duty position with several

19   accommodations. (T at 20).

20

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

limitation, finding it inconsistent with the physician's treatment notes, which showed that Plaintiff had full range of motion in the left upper extremity. (T at 658).

The ALJ afforded little weight to Ms. Tweedy's opinion. (T at 27).  As a nurse practitioner, Ms. Tweedy's opinion is considered an "other source" and her opinion is generally entitled to less weight than that of a treating or examining physician.[3] The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  Here, the ALJ found Ms. Tweedy's opinion to be based primarily on Plaintiff's subjective complaints, which the ALJ determined were not fully credible. (T at 27).  The ALJ also noted that Ms. Tweedy's opinion was contradicted by the assessment of several examining physicians (discussed further below) and inconsistent with her own treatment notes. (T at 27).  For example, a February 2011 note described Plaintiff as having no noted deformities in her upper extremities and normal range of motion in all joints. (T at 404).

---

[3] In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.  The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

1    The ALJ afforded significant weight to Ms. Briggs's opinion that Plaintiff

2    could return to work, finding it consistent with Plaintiff's actual activities. (T at 27).

3    The ALJ discounted Ms. Briggs's conclusion that Plaintiff was limited to lifting 2

4    pounds, because that assessment was made shortly after Plaintiff suffered a shoulder

5    injury in September 2011 and was inconsistent with other evidence of record. (T at

6    27).

7    The ALJ gave significant weight to Dr. McClure's conclusion that Plaintiff

8    could perform her past job in a modified capacity. (T at 28).  The ALJ noted that Dr.

9    McClure's assessments generally showed that Plaintiff's symptoms were improving

10   over time. (T at 28).  The ALJ gave little weight to Dr. McClure's December 2011

11   opinions to the effect that Plaintiff was, at that time, unable to work. (T at 28).

12   The ALJ provided a detailed and thorough summary of the facts and

13   conflicting clinical evidence, stating his interpretation thereof, and making findings

14   as to each pertinent medical opinion.   The ALJ's decision was supported by

15   substantial evidence.

16   In February of 2010, Dr. Chester McLaughlin, an examining physician,

17   evaluated Plaintiff's cubital tunnel syndrome in her left upper extremity and

18   concluded that this condition did not preclude gainful employment. (T at 277). Dr.

19   McLaughlin also noted severe tenderness diffusely in Plaintiff's left shoulder.  He

20

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

could not say whether Plaintiff had biceps tendinitis, but noted that tests for that condition were negative. (T at 275).

In August of 2010, Dr. Michael Gillespie performed an independent medical examination. He noted "considerable symptom magnification" (i.e. she expressed more pain than would be expected for an average person with the same physical status), no objective findings, and no ratable permanent partial disability. (T at 486).

In November of 2010, Dr. Douglas Hanel, an examining physician who performed three examinations between April of 2009 and November of 2010, concurred with Dr. Gillespie's assessment. (T at 486).

In a summary prepared by Dr. Gillespie and Dr. Eugene Wong, reference is made to a September 2010 independent medical examination by Dr. Paul Reiss, in which Dr. Reiss opined that Plaintiff's physical findings were "not very impressive," with the apparent inference that her findings did not support a disability rating, and reported that he did "not believe there [were] objective reasons for job restrictions." (T at 486-87).

Dr. Gillespie and Dr. Wong performed an independent medical examination in February of 2012. Following a highly detailed summary of Plaintiff's medical history, these examining physicians opined that Plaintiff demonstrated unusually severe symptom magnification and pain behavior, no evident neurological

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

abnormalities, no atrophy of arms or forearms, and chronic pain with a psychological basis. (T at 498). They found no ratable permanent partial disability for the right shoulder given "vast symptom magnification and pain behavior." (T at 501). Dr. Gillespie examined Plaintiff twice, in August of 2010 and February of 2012. (T at 28).

Dr. Robert Hoskins, a non-examining State Agency review consultant, opined that Plaintiff could perform light work, provided she did not engage in frequent reaching. (T at 71-81). *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)("The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it.")(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Plaintiff argues that the ALJ should have weighed the evidence differently and given more weight to certain assessments from the treating providers. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's finding was supported by substantial evidence and should be sustained. As noted above, significant support for the ALJ's conclusion as found in the assessments of multiple examining physicians. The ALJ's decision to discount certain aspects of the treating physicians' opinions was likewise supported by substantial evidence, including their conflict with the examining physician opinions. Given that the evidence reasonably supported the decision, it must be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She lives with her husband and adult son. (T at 43-44). She has had a total of 6 surgeries on her left hand and arm. (T at 44). She has numbness in her fingers and pain in her elbows and shoulders. (T at 47). While working, Plaintiff compensated for a "frozen" left shoulder by using her right arm and then began having pain in that arm. (T at 48). She performed modified light duty work at Safeway during the alleged period of disability, which involved moving around the store and placing outdated items in a basket. (T at 49). Safeway allowed her to take as long as she needed to complete the work. (T at 50).

The ALJ found that Plaintiff's medically determinable impairments could cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 22).

Plaintiff contends that the ALJ did not cite an inconsistency between Plaintiff's allegations and the medical opinion evidence. As such, Plaintiff argues that any such inconsistency cannot be a basis for sustaining the ALJ's decision. However, the ALJ, in fact, concluded that the "objective medical evidence [did] not

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

support [Plaintiff's] allegations of a disabling level of physical functioning." (T at 22).

The ALJ's decision was supported by substantial evidence.  Dr. Gillespie noted considerable symptom magnification, no objective findings, and no ratable permanent partial disability. (T at 486). Dr. Hanel, who performed three examinations between April of 2009 and November of 2010, concurred with Dr. Gillespie's assessment. (T at 486). Dr. Reiss opined that Plaintiff's physical findings were "not very impressive" and reported that he did "not believe there [were] objective reasons for job restrictions." (T at 486-87). Dr. Gillespie and Dr. Wong opined that Plaintiff demonstrated unusually severe symptom magnification and pain behavior, no evident neurological abnormalities, no atrophy of arms or forearms, and chronic pain with a psychological basis. (T at 498).  Neither Dr. Gillespie nor Dr. Wong found any ratable permanent partial disability for the right shoulder given "vast symptom magnification and pain behavior." (T at 501). Dr. Hoskins opined that Plaintiff could perform light work, provided she did not engage in frequent reaching. (T at 71-81).

The ALJ also reasonably concluded that Plaintiff's activities of daily living were inconsistent with disabling pain.  She reported playing piano, using an elliptical machine, shopping, caring for pets, and performing housework.  Plaintiff could

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

perform fine motor tasks, volunteered at a nursing home, and was able to work for most of 2011, during the period of alleged disability. (T at 24). Although her work at Safeway was modified significantly (e.g. Plaintiff could essentially work at her own pace), the ALJ reasonably cited the performance of this modified work as one reason among several for discounting Plaintiff's claim of disabling limitations.

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

For the foregoing reasons, this Court finds the ALJ's credibility determination supported by substantial evidence.

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

1

## C.    RFC/Steps Four & Five

2        The ALJ determined that Plaintiff retained the RFC to perform light work,

3  meaning that she could lift 20 pounds occasionally and 10 pounds frequently and

4  stand/walk and sit for 6 hours in an 8-hour workday, with some additional

5  limitations.    (T at 21-29).    In particular, the ALJ found that Plaintiff could

6  occasionally perform pushing and pulling with her upper extremities, but never

7  climb ladders, ropes, or scaffolds. (T at 21).    Per the ALJ, Plaintiff can perform

8  frequent (but not constant) reaching bilaterally, including frequent overhead

9  reaching bilaterally, and can perform frequent handling and fingering. (T at 21).

10        At step four of the sequential evaluation, the ALJ concluded that Plaintiff

11  could perform her past relevant work as a cashier-checker. (T at 29-30).    In the

12  alternative, considering Plaintiff's age, education, work experience, and RFC, the

13  ALJ also found that there were other jobs that exist in significant numbers in the

14  national economy that Plaintiff can perform. (T at 29-30).

15        Plaintiff challenges these findings for substantially the reasons already noted,

16  *i.e.* that the ALJ did not properly assess the treating providers' opinions and should

17  not have discounted her credibility.  For the reasons outlined above, this Court finds

18  the ALJ's decision supported by substantial evidence. *See, e.g., Hall v. Colvin*, No.

19  CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31,

20

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultant, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB

1

## V. ORDERS

2    IT IS THEREFORE ORDERED that:

3        Plaintiff's motion for summary judgment, Docket No. 19, is DENIED.

4        The Commissioner's motion for summary judgment, Docket No. 22, is

5    GRANTED.

6        The District Court Executive is directed to file this Order, provide copies to

7    counsel, enter judgment in favor of the Commissioner, and close this case.

8        DATED this 16th day of March, 2015.

9

10                                /s/Victor E. Bianchini
                                  VICTOR E. BIANCHINI
11                            UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – COLEMAN-WILLIAMSON v COLVIN 14-CV-03073-VEB